IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| M&W AND ASSOCIATES, INC. | § | PLAINTIFF/COUNTER-DEFENDANT |
| | § | |
| VERSUS | § | CIVIL NO. 1:09-cv-293-HSO-JMR |
| | § | |
| COASTAL PAPER COMPANY, | § | |
| *a Virginia general partnership, and* | § | |
| *its partners*, VAN TIMBER | § | |
| COMPANY *and* VAN PAPER | § | |
| COMPANY, *Mississippi corporations* | § | DEFENDANTS/COUNTER-PLAINTIFFS |

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is Defendants' [31] Motion for Partial Summary

Judgment.[1]  Plaintiff has filed a [41] Response and [42] Memorandum in Opposition,

and Defendants a [44] Rebuttal. After consideration of the parties' submissions and

the relevant legal authorities, and for the reasons discussed below, the Court finds

that this Motion for Partial Summary Judgment must be denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed suit in the Circuit Court of Jackson County, Mississippi, on or

about April 2, 2007, asserting claims for breach of contract, open account, quantum

meruit, and unjust enrichment.  *See* Compl. [1-3], at pp. 3-5.  Defendants answered

and asserted a Counterclaim for breach of contract.  *See* Defs.' Answer [1-3].  While in

---

[1]  Defendant Cellu Tissue LLC filed these Motions.  However, pursuant to the Court's April
29, 2010, [47] Order, Defendants Coastal Paper Company, a Virginia general partnership, and its
partners, Van Timber Company and Van Paper Company, Mississippi corporations, were properly
substituted for Defendant Cellu Tissue LLC.  Counsel for former Defendant Cellu Tissue LLC, and
for current Defendants, has requested that "pleadings and other matters filed in the name of 'Cellu
Tissue, LLC d/b/a Costal Paper Company' be deemed to have been filed by the Substituted
Defendants."  *See* Resp. [36] to Pl.'s Mot. for Substitution [35], at p. 2.  Therefore, the Court will refer
to any pleading filed by former Defendant Cellu Tissue LLC, as filed by "Defendants."

state court, Plaintiff sought leave to amend the Complaint on April 14, 2009, *see* Pl.'s Mot. for Leave to Amend Compl. [1-3], which the state court granted on May 1, 2009, *see* State Court Order dated May 1, 2009 [1-3], at p. 1.  The Amended Complaint added a claim under 42 U.S.C. § 1981, and sought punitive damages and attorneys' fees.  *See* Am. Compl. [1-3], at pp. 5-7.  Defendants removed the case to this Court on May 7, 2009, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See* Notice of Removal, at p. 3.  Defendants filed their Answer and Counterclaim [6] on May 27, 2009.

## II.  DISCUSSION

### A.    Summary Judgment Standard

Defendants seek partial summary judgment on Plaintiff's open account, section 1981, and punitive damages claims.  *See* Defs.' Mot. for Partial Summ. J., at pp. 1-4. Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *See Booth*

*v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp. 2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

B.  Analysis

1.  Section 1981 and Punitive Damages Claims

With their removal from state court, Defendants invoked this Court's federal question jurisdiction based on Plaintiff's section 1981 claim. The Court must address, *sua sponte*, whether Plaintiff, a corporation, has standing to pursue a section 1981 claim premised upon allegations that Defendants' employees refused to pay Plaintiff

unless Plaintiff's African-American employee was removed from the job. In *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), the United States Supreme Court noted that "the Courts of Appeals to have considered the issue have concluded that corporations may raise § 1981 claims." *McDonald*, 546 U.S. at 473 n.1 (*citing Hudson Valley Freedom Theater, Inc. v. Heimbach*, 671 F.2d 702, 706 (2d Cir. 1982)); *see The Guides, Ltd. v. The Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1071 (10th Cir. 2002). The Court is persuaded that Plaintiff has standing to pursue its section 1981 claim in this case.

Defendants contend that summary judgment is appropriate on Plaintiff's section 1981 and punitive damages claims, because the evidence contradicts Plaintiff's racial animus allegations. *See* Defs.' Mem. in Supp. of its Mot. for Partial Summ. J., at pp. 9-10. Defendant argues that Plaintiff has not provided competent or probative evidence of racial discrimination sufficient to withstand summary judgment. *See id.* at pp. 12-13. Defendants further contend that they have established a legitimate, non-discriminatory basis for the alleged non-payments to Plaintiff. *See id.* at pp. 19-22.

"The summary-judgment test for discrimination claims under § 1981 . . . is the same as the test for discrimination claims under Title VII." *Patel v. Midland Memorial Hosp. and Medical Center*, 298 F.3d 333, 342 (5th Cir. 2002) (*citing Pratt v. City of Houston*, 247 F.3d 601, 605 n.1 (5th Cir. 2001)). The Court of Appeals for the Fifth Circuit has explained this test as follows:

> To survive a summary judgment motion, the plaintiff must first present a prima facie case of discrimination. If established, a prima facie case

raises an inference of discrimination, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its adverse decision. If the defendant presents such a reason, then the inference disappears, and the plaintiff must offer evidence that the proffered reason is a pretext for racial discrimination.

*Id.* (internal citations omitted).

To establish a *prima facie* case of intentional discrimination, Plaintiff must show: (1) the employee is a member of a racial minority; (2) Defendants had the intent to discriminate against him on the basis of race; and (3) the discrimination concerned the making or enforcement of a contract. *See Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 260-61 (5th Cir. 2007). The parties do not dispute that the employee in question was a member of a racial minority, or that the alleged discrimination concerned the enforcement of a contract. At issue is the second element.

Plaintiff asserts that Defendants' representative objected to Plaintiff's employment of an African-American engineer on the job. *See* Am. Compl. [1-3], at p. 5. Plaintiff has submitted evidence to support its position that Defendants informed it that if the African-American employee was not removed, Plaintiff would not be paid. *See id.*; Pl.'s Brief in Opp'n to Defs.' Mot. for Partial Summ. J., at pp. 2-7; *see also, e.g.,* Dep. of David Wooten, at pp. 180-87, attached as Ex. "D" to Defs.' Mot. for Partial Summ. J.; Dep. of Thomas McArthur, at pp. 96-98, attached as Ex. "M" to Defs.' Mot. for Partial Summ. J.; Pl.'s Answers to Defs.' First Set of Interrogs., at pp. 12-14, attached as Ex. "L" to Defs.' Mot. for Partial Summ. J. Plaintiff maintains that, after its refusal to remove the employee, Defendants breached their contract

with Plaintiff and refused to pay, in violation of section 1981. *See* Am. Compl. [1-3], at p. 5; Dep. of David Wooten, at pp. 196-97, 199-201.

The Court is of the opinion that, through sworn testimony and discovery responses, Plaintiff has created a question of material fact in this case. As Defendants point out in their brief, there is evidence which contradicts Mr. McArthur's and Mr. Wooten's testimony. *See* Defs.' Mem. in Supp. of its Mot. for Partial Summ. J., at p. 14. Thus, genuine issues of material fact remain. Partial summary judgment would be inappropriate.

2.     Open Account Claim

Defendants seek partial summary judgment that Plaintiff's claim in this case is one for breach of contract, and not one on open account. *See* Defs.' Mem. in Supp. of its Mot. for Partial Summ. J., at p. 11. Plaintiff counters that the question is not whether there was a "contract," but whether the "contract" in question was an open account within the meaning of Mississippi Code § 11-53-81. *See* Pl.'s Mem. Brief in Opp'n to Defs.' Mot. for Partial Summ. J., at p. 9.

A review of the record reveals that there remain questions of material fact as to the terms of the agreement between Plaintiff and Defendants, and whether there was in fact an "open account." These remaining questions of fact necessitate denial of Defendants' Motion for Partial Summary Judgment on this point. The legal determination of whether or not the contract was one for open account hinges upon what the terms of the agreement were. The facts surrounding those terms are contested.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment must be denied.  *See* FED. R. CIV. P. 56.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' [31] Motion for Partial Summary Judgment must be, and hereby is, **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of May, 2010.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE